**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**

TALLAHASSEE _____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

RECEPTION AND MEDICAL CENTER
DATE: 1·7·2020
INMATE INITIALS: J. H.

Tiant Hutchinson ,

Inmate # M35104 .
   (Enter full name of Plaintiff)

vs.

CASE NO: 4·20cv18 MW-Cas
       (To be assigned by Clerk)

Mark Inch, Secretary

Centurion of Florida

Dr. A. Cortes, M.D. ,

Dr. Nayyer Islam, M.D. ,

Dr. A. Varona, M.D.

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND TL
JAN 10 '20 PM 1:22

## I.     PLAINTIFF:

State your _full name_, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:     Tiant Hutchinson
Inmate Number          M35104
Prison or Jail:        Reception and Medical Center
Mailing address:       P.O. Box 628
                       Lake Butler, Florida
                       32054

## II.    DEFENDANT(S):

State the _name_ of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for _every_ Defendant:

(1)    Defendant's name:     Mark Inch
       Official position:    Secretary of FDOC
       Employed at:          FDOC
       Mailing address:      501 South Calhoun St.
                             Tallahassee, FL 32399

(2)    Defendant's name:     Centurion of Florida Health Services
       Official position:    Health Care Provider
       Employed at:          Florida Dept. of Corrections
       Mailing address:      501 South Calhoun Street
                             Tallahassee, FL 32399

(3)    Defendant's name:     Dr. A. Cortés
       Official position:    Medical Doctor
       Employed at:          Liberty Correctional Institution
       Mailing address:      501 South Calhoun Street
                             Tallahassee, FL 32399

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

Dr. Nayyer Islam
Medical Doctor
Liberty Correctional Inst.
501 South Calhoun Street
Tallahassee, FL 32399

Dr. A. Varona
Medical Doctor
Jefferson Correctional Inst
501 South Calhoun Street
Tallahassee, FL 32399

2A

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(  )                               No(✓)

1.   Parties to previous action:
(a)   Plaintiff(s):  N/A
(b)   Defendant(s):  N/A

2.   Name of judge:  N/A              Case #:  N/A

3.   County and judicial circuit:  N/A

4.   Approximate filing date:  N/A

5.   If not still pending, date of dismissal:  N/A

6.   Reason for dismissal:  N/A

7.   Facts and claims of case:  N/A

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(  )                               No(✓)

1.   Parties to previous action:
a.   Plaintiff(s):  N/A
b.   Defendant(s):  N/A

2.   District and judicial division:  N/A

3.   Name of judge:  N/A              Case #:  N/A

4.   Approximate filing date:  N/A

5.   If not still pending, date of dismissal:  N/A

6.   Reason for dismissal:  N/A

3

7.    Facts and claims of case:  N/A

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)                              No(X  )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
      a.    Plaintiff(s):  Tiant Hutchinson
      b.    Defendant(s):  Scott Poorman, Robert Osteen, William Meyers, Robert Stockley, Leonard Myers
2.    District and judicial division:  Middle District, Jacksonville Division
3.    Name of judge: Patricia Barksdale,    Case #: 3:15-CV-914-J-32 PDB
4.    Approximate filing date:  7/21/2015
5.    If not still pending, date of dismissal:  6/11/2018
6.    Reason for dismissal:  Settlement
7.    Facts and claims of case:  Excessive force by F.D.O.C. employees

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                              No(✓)

1.    Parties to previous action:
      a.    Plaintiff(s):  N/A
      b.    Defendant(s):  N/A
2.    District and judicial division:  N/A
3.    Name of judge  N/A              Case Docket #  N/A
4.    Approximate filing date:  N/A          Dismissal date:  N/A
5.    Reason for dismissal:  N/A

4

6.    Facts and claims of case: _N/A_

**(Attach additional pages as necessary to list cases.)**

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. The plantiff is a prisoner in the Florida Department of Corrections under the care, custody, and control of the defendant Mark Inch, Secretary of the F.D.O.C.

2. The defendant was contracted with the defendant, Corizon Health Services to provide medical services to all inmates in the Florida Department of Corrections.

3. The plantiff was sentenced to a term of 20 years in the Florida Department of Corrections and is due to be released in the year 2027.

4. While at Wakulla Correctional Institution Annex in the month of May of 2013, the plantiff was injured wherefore the plantiff fractured his medial tibial plateau.

5. The plantiff was transported to R.M.C. Reception and Medical Center to treat his injuries, therefore while there, plantiff was assaulted by several officers at R.M.C. Florida Department of Corrections in August 2013 that resulted in injuries to his right ear being perforated.

6. The Florida Department of Corrections settled that case in 2018    Case No: 3:15-CV-914-J-32PDB

7. Unrelated to this instant claim and case in May 2013 the plantiff sustained a medial tibial plateau fracture injury to his right knee and was transferred to the Reception and

5

Medical Center R.M.C. for knee surgery – plaintiff was assaulted by several Florida Department of Corrections officials that then resulted in the surgery being placed on hold.

8. As it related to this instant claim and the defendants herein on August 2013 while at the Reception and Medical Center R.M.C., which is a medical holding facility for prisoners who are to receieve medical attention. On the aforesaid date, several officials with the Florida Department of Corrections, they assaulted and battered plaintiff injuring his right ear. Although the plaintiff was at the Reception and Medical Center R.M.C. for his injured right knee, no medical attention was had for said injury. Rather plaintiff was placed in confinement and was shortly transferred to Santa Rosa Correctional Institution Annex.

9. While at Santa Rosa Correctional Institution Annex, plaintiff was x-rayed once again on November 7, 2013 due to the request Ms. Sheila Szalai, ARNP wherefore the findings indicated that multiple views of the right knee demonstrated a communited depressed fracture of the medial tibial plateau yet in still to no avail plaintiff was only given the common usual wihibh was Ibuprofen and a bed rest lay-in pass and nothing more, which is a normal custom of practice and procedure of policy by Corizon Health Services within the Florida Department of Corrections, wherein fact delaying the process of surgery only worsened the condition of the plaintiff's right knee.

10. Following the policy and procedure for receiving medical attention starting from 2013 of the occured injury the plaintiff initiated the "sick call" service as required by the Florida Department of Corrections - F.D.O.C. and Corizon Health Care Services.

11. From 2013 to date : March of 2019, plaintiff has submitted numerous "sick call" complaints, complaining of pain, injury, and damages to his right knee having continued discomfort compli-

cations resulting in restrictive and limited daily usage and other activities.

12. Despite this Defendant Florida Department of Corrections being of and on notice of Plaintiff's right knee injury, they continued to only ship the Plaintiff back and forward from institutions while Plaintiff continued to file multiple "sick calls" at each stage in regards to constant knee pain only to be informed by each doctor that there wasn't anything wrong or unusual with his right knee for it's only a minor fracture and it will heal on its own and that if needed to continue to access the "sick call".

13. Now while at Liberty Correctional Institution, Plaintiff began to experience the same knee discomfort within his right knee wherefore Plaintiff initiated the "sick call" procedure once again only to discover that the same medial tibial plateau fracture never fully healed and eventually was detected from x-ray findings on January 12, 2016 as being the same repeated complications as before for Plaintiff's right knee never made a full recovery only causing more harm and damage, which was verified by Dr. Nayyer Esiam, M.D.

14. Somehow once again Plaintiff was never properly informed or advised of his condition as it related to his right knee and was only given the usual ibuprofen, knee brace, and another bed rest lay-in pass instead of getting an approval to see an orthopedic specialist for such a serious situation of Plaintiff's right knee to treat his injury properly, knowing that Plaintiff should have been given the opportunity to have surgery at a more reasonable time fashion and manner, yet Plaintiff continued to suffer and endure pain under the care, custody, and control policy of the Florida Department of Corrections and Corizon Health Services, who knew about Plaintiff's ongoing condition.

6 A

15. Yet again, Plaintiff was transferred to Walton Correctional Institution in the month of (unknown) year 2015 and once again had to endure the same physical and painful complications as before stated, only this time Plaintiff was restricted of his daily activity for his right knee had inflammatory swelling making it very unbearable to walk or move without any pain being inflicted that eventually resulted in plaintiff going through the process of the "sick call" procedure whereas the only thing given to the Plaintiff upon his medical visit was an "ice pack" and another bed rest lay-in pass until he was seen by a physician and upon scheduled appointment, Plaintiff was evaluated but didn't receive any recommendations for surgery or to visit with an outside orthopedist as to why this relevant right knee medial tibial plateau fracture keeps occuring, therefore showing lack of concern for Plaintiff's health and well-being Plaintiff had to deal with the same routine of pain and suffering due to him being delayed surgery.

16. It was not until first in July of 2018 that Plaintiff had a visit with Defendant A. Varona, SMD who is contracted and licensed with Centurion of Florida at Jefferson Correctional Institution had Plaintiff's right knee examined and x-rayed and advised Plaintiff that he suffered from a "Degenerative Joint Disease" commonly known as DJD. Despite this, this Defendant, Dr. A. Varona took no further action or placed any order for surgery, which was required —only delaying the process of Plaintiff's treatment and medical condition.

17. Later in November 2018, while still at Jefferson Correctional Institution after not receiving any treatment for Degenerative Joint Disease, DJD, the Plaintiff visited with Dr. Gunsby for an unrelated medical issue. Dr Gunsby reviewed Plaintiff's medical file and confirmed the x-ray findings as well as the Plaintiff's diagnosis of

6B

having DJD. Wherefore she advised Plaintiff that surgery to repair his right knee was definitely needed and that continuing to delay the surgery will worsen the condition.

18. In the year of 2018 - specifically around December - Plaintiff was once again transferred to Holmes Correctional Institution where it was made apparent and obvious the realization the Defendants never intended for Plaintiff to receive proper medical assistance or treatment as Defendants knew exactly what was wrong and what needed to be taken care of with the Plaintiff. For it was clear that Plaintiff had a serious medical condition that needed treated, yet, the Defendant's blatant disregard risked further injury to my health; for the evidence from previous x-rays and physician notes from the Defendant(s) in my medical chart indicates Plaintiff had a Medial Tibial Plateau Fracture that was deteriorating.

19. While at Holmes Correctional Institution, Plaintiff wrote an informal grievance in January 2019 with regards to the urgency of Plaintiff not receiving proper and adequate medical care which was desperately needed - furthermore, that grievance of a sensitive nature was approved on January 29, 2019 by Defendant Glenda Padgett, R.N., H.S.A.

20. The Plaintiff later submitted another sick call request while still at Holmes Correctional Institution with respect to the fact Plaintiff was still having the same discomfort with pain in his right knee, for the "sick call" was responded to and Plaintiff was placed on the scheduled call out to visit with a physician. In February of 2019, Plaintiff was evaluated by Dr. Lopez Rivera, MSD at Holmes Correctional Institution. At this time, Plaintiff was examined and x-rayed again to determine the current status of his right knee. The results clearly indicated a severe medial tibial plateau fracture as well as

6 C

the Degenerative Joint Disease which at the time had not been treated correctly and/or in accordance of standard health care protocols and procedures as stated from previous documents within the facts of this case.

21. On February 14, 2019, the Plaintiff filed a grievance at the the institutional level in regards to the informal grievance but it was returned without action as it was not properly filed in accordance with Chapter 33-103.006 procedures.

22. In February 2019, while leaving the chow hall after eating on or about 4:50 PM, Plaintiff's right knee gave out, ceasing to function properly and/or at all and as a result of this, Dr. Lopez Rivera once again had Plaintiff's right knee x-rayed and as such made the required recommendations for Plaintiff to undergo surgery.

23. Therefore, the Plaintiff filed yet another grievance at the institutional level on March 1, 2019 - this time in accordance with Chapter 33-103.006 F.A.C. (Medical Policy) to the Assistant Warden ~ one Ms. Keisha Jones, who approved the grievance and referred to Dr. Luis A. Lopez-Rivera for his approval as well in follow up grievance to Plaintiff's informal grievance.

24. Now within the scope and discretion to Plaintiff's right knee, the indifference is allegedly manifested not merely by the failure or refusal to diagnose and treat Plaintiff's injury properly but also by the conduct of Centurion Health Care Services and medical personnel for the claims that have prohibited Plaintiff and restricted daily activities as well as the overall quality of life due to the inadequacy as to constitute cruel and unusual punishment, prohibited by the 8th Amendment of the U.S. Constitution. Plaintiff continues to suffer from pain in his right knee and furthermore each Defendant was aware upon evaluating, consulting, or supervising Plaintiff's

6D

injury and should have taken appropriate steps and measures to ensure adequate medical care was provided to Plaintiff instead of deliberate indifference; prescribing ibuprofen, knee braces, bed rest lay-in passes, which didn't relieve Plaintiff of the unnecessary and wanton infliction of pain - treating symptoms of pain instead of the cause of suffering, which as documented began in May 2013 until 2014 and resurfaced 1/12/2016 until 5/24/19 the exact date of Plaintiff's surgery even though Plaintiff was improperly informed that his medial tibial plateau fracture had healed. Plaintiff has only endured this burdensome pain due to the clearly documented acts of ommission and deliberate indifference, which became harmful to his right knee and limited the capacity for and of his quality of life.

25. On March 25, 2019 while Plaintiff was at the Reception and Medical Center R.M.C. and set for surgery, Dr. Thomas Winters conducted a third x-ray of Plaintiff's right knee following the initial fall while at Holmes Correctional Institution. After the results were in, Dr. Winters advised Plaintiff he had multiple "bone spurs" in his right knee and asked how long the knee had been in that condition. The Plaintiff advised Dr. Winters it could have been from his initial injury in 2013-2014 when it supposedly healed by itself until the new discovery it was once again fractured from 2016-2019 or could have been in furtherance of his right knee giving out and him falling on February 24, 2019. The Plaintiff, however, pointed out had Defendants Dr. A Varona and Centurion of Florida, formerly known as "Corizon" Health Care Services reviewed the x-ray findings in 2018 as well as the Degenerative Joint Disease DJD condition, the Defendants would have ordered surgery as the proper treatment in the Plaintiff's best interest for the right knee may not have given out on February 24, 2019, which may have caused yet, further injuries.

6 E

26. Because of the actions of Dr. Lopez Rivera in 2019 – a total of six (6) years from the initial date of Plaintiff's right knee injury, and Plaintiff falling from lack of care and deliberate indifference, which began January 12, 2016 on part of Defendants Dr. A. Cortes, M.D. and Dr. Nayyer Esiam, M.D. while at Liberty Correctional Institution, Dr. A. Varona, S.M.D. while at Jefferson Correctional Institution, and Corizon now known as Centurion of Florida Health Care Services for their involvement and intentional denial of timely medical care which created both new and further injury on February 24, 2019 when the Plaintiff's right knee ceased to function and gave out due to the lack of proper treatment and surgery as well as the new discovery of Plaintiff suffering and being diagnosed with Degenerative Joint Disease DJD in his right knee.

27. The Plaintiff was finally advised of his injuries and how serious his right knee's condition was in 2018 and 2019 and specifically his new injuries of "bone spurs" findings which now requires Plaintiff to undergo a total right knee replacement surgery – which could have been avoided if the issue of Plaintiff's medial plateau fracture had been treated with proper care and procedure in the early stages of injury. The Plaintiff never would have been subjected to such pain or such a major operation as a total right knee replacement. Although the Plaintiff is finally prepared to undergo the knee surgery after filing numerous sick calls and grievances over the last six (6) years, the fact remains damages have been done, and sadly could have been avoided if years ago and up until 2019 deliberate indifference by the various Defendants hadn't been perpetuated. Furthermore and finally, the Plaintiff wouldn't have had to endure years of pain and suffering, or the future pain of surgery and rehabilitation following.

\* It was necessary to exceed the length of required pages due to the extensive timeline involved and multiple Defendants involved.

6 F

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

The Defendants Dr. A Cortes, Medical Director, Dr. Nayyer-Fsiam, Medical Doctor, Dr. A. Varona and Centurion of Florida, formerly known as Corizon Health Care Services is liable to the Plaintiff for a deliberate indifference and an intentional infliction of harm knew of Plaintiff's right knee medial tibial plateau fracture. Despite the fact that in 2018 Dr. A. Varona xrayed Plaintiff's right knee and noted that the Plaintiff suffered from degenerative joint disease - DJD - the Defendant, Dr. A. Varona took no further actions to have Plaintiff visit with (see 7A)

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

1. Appointment of counsel due to noval issues
2. Declaritory judgement finding Defendant's actions unconstitutional.
3. Punitive damage as to each Defendant in sum of $175,000.⁰⁰
4. Actual damage as to each Defendant in sum of $350,000.⁰⁰  (see 7B)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

1.7.2020
_____
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the ___7___ day of ___JANUARY___, 20_20_.

_____
(Signature of Plaintiff)

Revised 03/07

7

an orthopedic specialist or to get any other treatment. Therefore, this inaction resulted in Plaintiff's right knee giving completely out and him falling on February 24, 2019, only injuring his right knee further.

The Defendant, Mark Inch, Secretary of the Florida Department of Corrections, F.D.O.C. is liable to the Plaintiff for a deliberate indifference and intentional infliction of harm. Despite the fact the Defendant was on notice that Plaintiff was seeking medical attention from the company it contracted with to provide medical attention to its prisoners, Defendants from 2013-2014 then again from 2016-2018 did nothing to assure that Plaintiff was not denied adequate medical attention for his injuries.

7A

Alternatives:

1. Dr. A. Cortes, Medical Director – individual and official capacity $100,000.00 in compensatory and $75,000.00 in punitive damages.

2. Dr. Nayyer·Fsiam, M.D. – individual and official capacity $100,000.00 in compensatory and $75,000.00 in punitive damages.

3. Dr. A. Varona, M.S.D. – individual and official capacity $100,000.00 in compensatory and $75,000.00 in punitive damages.

4. Centurion of Florida, formerly known as "Corizon" Health Care Services – individual and official capacity $100,000.00 in compensatory and $75,000.00 in punitive damages.

7B

Exhibit A

Informal Grievance

Log # 107-1901-0233

# INMATE REQUEST

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

SENSITIVE NATURE

Mail Number: _____
Team Number: _____
Institution: Holmes CI

**TO:** (Check One)
- [ ] Warden
- [x] Asst. Warden
- [ ] Classification
- [ ] Security
- [ ] Medical
- [ ] Mental Health
- [ ] Dental
- [ ] Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | TIANT HUTCHINSON | M35164 | A2142S | EDUCATION | 1-26-2019 |

## REQUEST

Check here if this is an informal grievance [x]

I'M WRITING THIS INFORMAL GRIEVANCE IN ACCORDANCE TO THE STANDARDS OF CHAPTER 33 MEDICAL NEGLIGENCE. WHEREFORE I HAVE TAKEN THE NECESSARY MEANS OF THE INSTITUTION MEDICAL PROTOCOL'S BY COMPLETING NUMEROUS INMATE SICK CALL REQUEST'S IN REFERENCE TO MY RIGHT KNEE FOR IT HAS BEEN SHOWN THAT FROM MY X-RAY RESULTS THAT I OBVIOUSLY NEED KNEE SURGERY BUT FOR WHATEVER APPARENT REASONS I'M BEING NEGLECTED THIS PROCESS OF HAVING MY RIGHT KNEE RESTORED BACK TO ITS PROPER ABILITY INSTEAD OF ENDURING CONSTANT PAIN'S SUFFERING FOR MY RIGHT KNEE IS SLOWLY DETERIORATING. THEREFORE IF POSSIBLE CAN YOU REVIEW MY MEDICAL CHART, AND MAKE THE PROPER DETERMINATION ON BEHALF OF MY HEALTH SO I CAN PLEASE GET THE PROPER & ADEQUATE MEDICAL CARE THATS NEEDED, FOR KNEE BRACE'S & IBUPROFEN IS NOT MAKING THE CIRCUMSTANCES OF MY RIGHT KNEE ANY BETTER. TRUTHFULLY THIS HAS BEEN AN ON-GOING SITUATION AND DUE TO THIS PROCESS OF SAID ENTITY BEING NEGLECTED SURGERY, WHAT AM I LEFT TO DO BUT ENDURE THIS ENDLESS TORTURE OF PAIN AS I WATCH MY RIGHT KNEE BECOME USELESS DAY BY DAY? THANK YOU.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: |
|---|---|

RECEIVED
JAN 23 2019
HOLMES CI
CLASSIFICATION DEPT

---

DO NOT WRITE BELOW THIS LINE

107-1901-0233

## RESPONSE
074

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

DATE RECEIVED:

RECEIVED
HOLMES CI.
JAN 24 2019
MEDICAL

Watch call out. You have a pending appointment.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Approved_ . (Returned, Denied, or Approved) If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): Glenna Padgett | Official (Signature): CPadg, ARNP, HSA | Date: 1/29/19 |
|---|---|---|

Padgett, RN
H.S.A.
Holmes

Mailed 1-31-19

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit B
Formal Grievance
Loa # 19-6-07583

WITH AGENCY CLERK

FEB 2 7 2019

Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| HUTCHINSON, TIANT | M35104 | 19-6-07583 | HOLMES C.I. | A2142S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Note: There is no longer a sensitive category of grievance/appeal.

Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

If you feel you need medical attention, contact the institutional medical department via the sick call/emergency process.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your appeal is returned without action.

W. Millette

| | *W. Millette* | 2/22/19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden  ☑ Assistant Warden  ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Hutchinson, Tiant T. | M35104 | Holmes C.I. |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

07H                                                          1903-107-047

---

### Part A – Inmate Grievance

1. This is an appeal at institutional level. Chapter 33-103.006, F.A.C. The Grievant, herein will be referred to as "Hutchinson."

2. On January 26, 2019 (mailbox date) Hutchinson filed an informal grievance in reference to inadequate medical treatment. Specifically, Hutchinson asserted that medical staff was negligent for not providing the surgery approved to correct the fracture of his right knee. See exhibit A.

3. On January 29, 2019 Health Services Administrator (H.S.A), Glenna Padgett "APPROVED" Hutchinson's informal grievance. See exhibit A.

4. Thereafter, Hutchinson was not satisfied with the approval after constant delay to follow-up on the approval and the relief sought to treat his condition. On February 14, 2019 Hutchinson's Central Office appeal bypassing the institutional level step was received and filed by the Assistant Warden of Programs' office. See exhibit B.

5. As a result of his non-compliance with the grievance procedure in Chapter 33-103.006, F.A.C., Hutchinson's appeal was returned without action on February 22, 2019. He was allowed at that time to refile using the correct procedure within the allotted time frame. See exhibit B.

6. This appeal is timely in accordance with Rule 33-103.011(1)(b)1, F.A.C. and the federal mailbox rule. See Gonzalez v. State, 604 So.2d 874 (Fla. 1st Dist. 1992).

7. "Please see Grievance continuance page 2 of 3

Page 1 of 3

| March 1, 2019 | Tiant Hutchinson M35104 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

0 / 1

\#        Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED

MAR 0 8 2019

HOLMES CI
ASST. WARDEN OF PROGRAMS

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____
(Date)

Institutional Mailing Log #: _____

_____
(Received By)

Mailed
3-21-19

DISTRIBUTION:  INSTITUTION/FACILITY          CENTRAL OFFICE
               INMATE (2 Copies)             INMATE
               INMATE'S FILE                 INMATE'S FILE - INSTITUTION./FACILITY
               INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                    Incorporated by Reference in Rule 33-103.006, F.A.C.

<u>Grievance Continuance</u>

n. Hutchinson asserts that his present filing is in line with Rule 33-103.016, F.A.C. He states the following in support thereof:

i. In or about July 2013 Hutchinson sustained a fracture to his right knee. Documentation in medical records after x-rays indicate the injury was serious and required urgent medical attention. Because Hutchinson's injury was sustained while in and under the custody, care, control and treatment of the Florida Department of Corrections (F.D.O.C.), the Department should not have persisted in unnecessary delay to provide the corrective surgery required. As a direct result of unnecessary delay, Hutchinson now suffers chronic degenerative joint disease. He avers that the knee brace and Ibuprofen prescribed does not diminish the pain and discomfort he feels daily, and sleepless nights persist.

ii. Hutchinson avers that corrective surgery was approved in 2013 by the Regional Medical Physician at that time, and that soon after, he was transferred to R.M.C. for surgery. While there awaiting the scheduled procedure, Hutchinson was attacked by correctional staff who caused further pain and discomfort to his knee. Hutchinson asserts that he took out an injunction and filed civil suit against the officers involved. The existing injunction was approved and the suit was settled on June 1, 2018. Hutchinson is no longer able to be transferred to or housed at R.M.C.

iii. Hutchinson contends that a second set of x-rays were recorded in 2016, which revealed "Please see Grievance Continuance page 3 of 3"

Page 2 of 3

## Grievance Continuance

that his right knee fracture still exists.
However, this information was not relayed to
Hutchinson until presently by the current and
new physician Dr. L. Lopez-Rivera during a
recent scheduled sick call visit. Hutchinson cont-
ends that his daily activities have been restric-
ted and/or limited due to severe joint degen-
eration. Hutchinson avers in addition, that he
suffered a loss of funds from his inmate trust
account due to the many sick call visits he was
instructed to initiate due to persistent pain
and discomfort he suffers. Hutchinson contends
that medical staff has continued in unnecessary
delay following the 2013 incident at R.M.C. see
paragraph (ii). Hutchinson avers that the
corrective surgery could have been performed
at an alternative location prior to the present
date, March 1, 2019. Hutchinson contends that
because the F.D.O.C. and the institution knew
of his serious injury and pain and the need
for corrective surgery and failed to follow-up
on the approval of his grievance, even after
being mandated as needing urgent medical
attention, by a credentialed physician of the
F.D.O.C., the Department's inactions were
neglegent and amounts to deliberate indiff-
erence in violation of the Eighth Amendment
to the United States' Constitution.
8.  Hutchinson seeks the prescribed and nece-
ssary corrective surgery at a secondary
location as relief.

March 1, 2019            /s/ David Hutchinson  M35104

*RMC* *H/M Copy*

## PART B - RESPONSE

| HUTCHINSON, TIANT | M35104 | 1903-107-047 | R.M.C.- WEST UNIT | D1147S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Your grievance has been received, reviewed, and evaluated:  There is a pending appointment with a specialist regarding your health care concerns related to your knee.  Please follow up with your current  facility regarding any other medical issues.  Please continue to use sick call as needed.

Based upon the above, your grievance is Approved.

You have 15 calendar days from the date of this response in which to obtain further administrative review of your complaint by completing form DC1-303, providing all necessary attachments, and forward to the Bureau of Inmate Grievance Appeals, Florida Department of Corrections, 501 South Calhoun St. Tallahassee, FL 32399.

| Luis A. Lopez-Rivera Multi-Site Medical Director Holmes CI | *Keisha Jones* | 3-18-19 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

med

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JUN 03 2019

Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Hutchinson, Tiant T | M35104 | R.M.C. Main Unit |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

Part A – Inmate Grievance                    9-6-20795

COMES NOW, THE COMPLAINT HUTCHINSON TIANT, FURTHER APPEALING ATTACHED GRIEVANCE 1 (B)(5) #'s 1903-107-047 AND INFORMAL GRIEVANCE LOG# 107-1901-0233. THE COMPLAINANT ACKNOWLEDGE THAT THERE IS A PENDING APPOINTMENT TO SEE A SPECIALIST FOR SURGERY ON HIS KNEE... HOWEVER, DESPITE APPROVAL OF GRIEVANCES THE COMPLAINANT SUFFERED PAIN FOR MANY YEARS... THUS, IN ACCORD WITH THE PLRA ACT COMPLAINANT FURTHER EXHAUST HIS ADMINISTRATIVE REMEDIES...

THE ATTACHED COMPLAINTS REMAIN THE SAME AND BASED ON SUFFERING PAIN COMPLAINANT SEEKS RELIEF IN A JUDICIAL COURT OF LAW BASED ON 8TH AND 14TH U.S. CONSTITUTIONAL RIGHTS VIOLATION.

ANY DELAY IS RELATED TO INSTITUTIONAL TRANSFERS AND RESPONSE REACHING COMPLAINANT RECENTLY AT R.M.C. WEST UNIT

RECEPTION AND MEDICAL CENTER
DATE: 5.28.19
INMATE INITIALS: J.A.

| MAY 28, 2019 | Hutchinson Tiant M35104 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**  ____ / ____

\#      Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____  Institutional Mailing Log #: _____

(Date)                                                                (Received By)  7h

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

1903-107-047

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| HUTCHINSON, TIANT | M35104 | 19-6-20795 | R.M.C.- MAIN UNIT | L2143S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Returned without Action:

Your request for administrative appeal has been received in non-compliance with Chapter 33, "Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response."

Based on the above information, your appeal is returned without action.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

HUEY CHRONICLE M55181

RECEPTION AND MEDICAL CENTER

P.L. BOX 628

LAKE BUTLER, FLORIDA 32054





MAILED FROM A STATE
CORRECTIONAL INSTITUTION

JAN 10 2020

%

UNITED STATES DISTRICT COURTS

111 NORTH ADAMS STREET

SUITE #232

TALLAHASSEE, FLORIDA 32301-7730

LEGAL MAIL

RECEPTION AND MEDICAL CENTER
DATE: _____
CELL #: _____