# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TIANT HUTCHINSON,**
**D.O.C. # M35104,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:20cv18-MW-MAF**

**DR. A. CORTES,**
**DR. NAYYER ISLAM,**
**and DR. A. VARONA,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended civil rights complaint, ECF No. 14, which was reviewed and deemed sufficient for service. Service was directed on April 21, 2020, ECF No. 17, and a waiver of service was filed by Defendants Islam, ECF No. 24, and Warona, ECF No. 30. An unexecuted summons was filed concerning Defendant Cortes, ECF No. 29, but that document advised that Defendant Cortes had been reassigned to the Reception and Medical Center. *Id.* Accordingly, service was recently re-directed on Defendant Cortes at that location. ECF No. 31.

Defendant Islam returned a waiver of service form, ECF No. 24, and an answer to the complaint was due "within 60 days from" June 4, 2020, when the request to waive service was sent.  *Id.*  When Defendant failed to serve an answer or otherwise respond to the complaint, an Order was entered on September 1, 2020, directing the Clerk to enter default against Defendant Islam on the docket.  ECF Nos. 31, 32.  A notice of appearance of counsel has now been filed on behalf of Defendant Islam, ECF No. 36, along with a motion to set aside the clerk's default and accept the untimely motion to dismiss, ECF No. 37.  Defendant Islam simultaneously submitted a motion to dismiss Plaintiff's complaint.  ECF No. 38.

Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Here, the Clerk entered a default, but a default judgment has not been entered.  The appropriate standard is that of Rule 55(c) - whether there has been "good cause."  Notably, the "good cause standard" is far less rigorous than the "excusable neglect standard" which is applied in setting aside a default judgment.  <u>EEOC v. Mike Smith Pontiac GMC, Inc.</u>, 896 F.2d 524, 528 (11th Cir. 1990); <u>Trinity Aviation Servs., Ltd. v. Lopez</u>, 635 F. App'x 853, 854 (11th Cir. 2016).  Additionally,

Case No. 4:20cv18-MW-MAF

within the Eleventh Circuit is a "strong preference that cases be heard on the merits," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and litigants be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005).

The Eleventh Circuit has explained the "good cause" standard as follows:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations and quotations omitted) (quoted in Fed. Trade Comm'n v. MOBE Ltd., No.

618CV862ORL37DCI, 2019 WL 3503285, at *2-3 (M.D. Fla. Apr. 19, 2019)).

In this case, Defendant Islam has shown that after receiving the service documents, they were submitted "to his insurance broker, who in turn mailed a notification of the claim to a representative of Applied Medico-Legal Services, [Defendant] Islam's medical malpractice insurance carrier, on June 26, 2020." ECF No. 37 at 2. Defendant Islam then completed the waiver of service form and returned it to the Court. *Id.* The insurance carrier was responsible for retaining counsel to represent Defendant Islam. *Id.* However, the insurance carrier never received the complaint or other service documents. *Id.* Upon learning that a default had been entered, it was discovered that an email from Defendant Islam's insurance broker was "improperly diverted to [a] spam" email folder and subsequently deleted. *Id.* Once the mistake was discovered, counsel for Defendant Islam was immediately retained on the same day. *Id.*

For his part, Defendant Islam was unaware of those events and had "reasonably believed the matter was being handled by his insurance carrier." *Id.* at 2-3. The failure to respond in a timely manner to the complaint was not wilful. Moreover, when he learned of the default,

Case No. 4:20cv18-MW-MAF

Defendant Islam acted immediately to correct the situation. Furthermore, there has been no showing of prejudice to the Plaintiff. Plaintiff did not advise the Court of Defendant Islam's default and, indeed, Plaintiff has taken no action concerning that default. No other Defendant has yet filed a response to the complaint nor has this case been delayed or the costs of litigation increased.

Additionally, Defendant has submitted a motion to dismiss Plaintiff's complaint that presents a potential "meritorious" defense. ECF No. 38. Defendant Islam argues that Plaintiff fails to allege a sufficient constitutional violation and cannot maintain a state law negligence claim because Plaintiff did not comply with the pre suit requirements. ECF No. 38. Notably, "[a] defendant has a meritorious defense if it raises a good defense at law." United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983) (relied on in Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014)). "Thus, whether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC, 303 F.R.D. at 657.

## RECOMMENDATION

For all the foregoing reasons, it is recommended that Defendant Islam's motion to set aside the clerk's default and accept the motion to dismiss as timely filed, ECF No. 37, be granted and this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 14, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**