**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TIANT HUTCHINSON,**

 **Plaintiff,**

**vs.**          **Case No. 4:20cv18-MW-MAF**

**DR. A. CORTES,
DR. NAYYER ISLAM,
and DR. A. VARONA,**

 **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Pending in this case are three motions to dismiss Plaintiff's complaint. *See* ECF Nos. 38, 41, and 49. As of this date, Plaintiff has filed a response to Defendant Varona's motion to dismiss. ECF No. 47. However, because Plaintiff has not yet filed responses to the motions to dismiss filed by Defendants Islam or Cortes, this Report and Recommendation addresses only Defendant Varona's motion to dismiss, ECF No. 41.

**Allegations of the Amended Complaint, ECF No. 14**

Plaintiff is a prisoner in the custody of the Florida Department of Corrections. In May of 2013, Plaintiff fractured his right knee. X-rays confirmed Plaintiff "suffered a fracture of his medial tibial plateau" and Plaintiff was informed that he needed surgery. ECF No. 14 at 3. Plaintiff was transferred, however, and the surgery was never performed. *Id.* at 3-4. Subsequent x-rays were taken in November 2013, "which indicated the Plaintiff's fractured knee was getting worse." *Id.* at 4. Plaintiff was given pain medication and a "bed rest lay-in pass," but not surgery. *Id.*

In 2016, Plaintiff met with Defendant Islam who gave him more pain medication, a knee brace, and a bed rest lay-in pass, but did not "take the necessary steps to ensure that the Plaintiff would receive the required surgery." *Id.* The amended complaint states that "Defendant Islam told the Plaintiff that he needed surgery to correct the fracture in his knee," but he did not take actions to make that happen. *Id.*

After several more transfers in 2016 and 2018, Plaintiff was housed at Jefferson Correctional Institution. *Id.* at 4. There, he declared a "medical emergency" because of the "now excruciating pain in his knee." *Id.* Defendant Varona ordered another x-ray. *Id.* Defendant Varona told

Plaintiff his "knee suffered from Degenerative Joint Disease (DJD)" and said that "the fracture in his knee required surgery to correct so that it would heal properly."  *Id.*  Nevertheless, Defendant Varona failed to recommend the needed surgery and, instead, issued Plaintiff only pain medication and a bed rest lay-in pass.  ECF No. 14 at 5.

Plaintiff was later transferred to Holmes Correctional Institution.  In February of 2019, Plaintiff's knee "gave out" while leaving the dining hall.  *Id.* at 5.  He was taken to medical and examined by Dr. Lopez Rivera, who "completed the necessary steps for the Plaintiff to have the necessary surgery."  *Id.*  Plaintiff alleged that surgery was performed on May 24, 2019, but he "continues to suffer complications from his knee" and was scheduled for another surgery.  *Id.*  He alleges that he suffers with "daily pain" and claims the Defendants' inactions "caused him to suffer permanent damage, intense emotional distress, anxiety, psychological trauma, and continued limited usage and pain in his right knee."  *Id.*

Plaintiff raises Eighth Amendment claims against all three Defendants and claims they were deliberately indifferent to his serious medical needs.  *Id.* at 6.  He simultaneously alleges that Defendants' failure "to provide the proper treatment . . . constitutes the tort of negligence and

Case No. 4:20cv18-MW-MAF

medical malpractice under" state law.  *Id.*  Plaintiff seeks a declaratory

judgment, compensatory and punitive damages, and any other relief

deemed appropriate.  *Id.* at 6-7.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to

Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be

granted is whether the plaintiff has alleged enough plausible facts to

support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127

S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v.

Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1]  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to
dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert.
denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a

"largely groundless claim" does not proceed through discovery and "take

up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)

(quoted in Twombly, 550 U.S. at 558).  The requirements of Rule 8 do "not

unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions."  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949.  A complaint

does not need detailed factual allegations to survive a motion to dismiss,

but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."  556 U.S. at 678, 129 S. Ct. at 1949.  "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).

Thus, "conclusory allegations, unwarranted factual deductions or legal

conclusions masquerading as facts will not prevent dismissal."  Davila v.

Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

One additional principle bears highlighting: a motion to dismiss does

not test the truth of a complaint's factual allegations.  As noted above,

factual allegations, though not legal conclusions, must be "accepted as

true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are

"doubtful in fact."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead,

it remains true, after <u>Twombly</u> and <u>Iqbal</u> as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'"  <u>Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168-69 (1993) (quoted in <u>Yawn v. Sec'y of Dep't of Corr.</u>, No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Arguments in Motion to Dismiss, ECF No. 41**

Defendant Varona raises five arguments in support of the motion to dismiss.  First, Defendant contends that because she is sued in her individual capacity, she can "only be sued for money damages" and not declaratory relief.  ECF No. 41 at 6-9.  Furthermore, Plaintiff is no longer housed at the same institution where Defendant Varona works.  *Id.* at 7. Second, Defendant argues that the state law claims for negligence and/or medical malpractice must be dismissed because Plaintiff did not comply with the pre-suit notice requirement of Florida law.  *Id.* at 9.  Third, Defendant argues that she has immunity from Plaintiff's state law claims pursuant to Florida § 768.28.  *Id.* at 10.  Fourth, Defendant Varona contends that the complaint is insufficient to state a claim under the Eighth

Amendment.  *Id.* at 17-25.  Finally, Defendant raises qualified immunity as a defense to the constitutional claim.  *Id.* at 25.

**Analysis**

**A.    Declaratory Relief**

According to the complaint, Plaintiff was treated by Defendant Varona at Jefferson Correctional Institution in 2018.  ECF No. 14 at 4.  Plaintiff was transferred away from Jefferson Correctional Institution "sometime during December 2018 and January 2019."  *Id.* at 5.  It is not disputed that Plaintiff is no longer housed at that institution, and there is no suggestion that Plaintiff is likely to again receive treatment from Defendant Varona because she still works at Jefferson C.I.  ECF No. 41 at 7.

A request for monetary damages is to "compensate the claimant for alleged past wrongs."  McKinnon v. Talladega Cty., Ala., 745 F.2d 1360, 1362 (11th Cir. 1984).  A request for declaratory or injunctive relief, however, is a prospective remedy which becomes moot when a prisoner is transferred.  McKinnon, 745 F.2d at 1362-1363; *see also* Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (explaining that entering an injunction against two individual defendants who worked at the Valdosta Prisoner where the plaintiff no longer was housed "would be an empty

order, as these officials no longer have any ability to provide Plaintiff with"
the relief sought); D'Amico v. Jones, No. 4:18cv494-RH- HTC, 2020 WL
3978401, at *2 (N.D. Fla. June 19, 2020), report and recommendation
adopted, No. 4:18cv494-RH-HTC, 2020 WL 3978369 (N.D. Fla. July 14,
2020) (holding that prisoner's motion for an injunction concerning "the
withholding of Retuxin by unnamed medical staff at Reception and Medical
Center" was moot because prisoner was no longer at RMC); Merritt v.
Godfrey, No. 3:13cv607-LAC-EMT, 2015 WL 5439306, at *10 (N.D. Fla.
Aug. 10, 2015), report and recommendation adopted, No. 3:13cv607-LAC-
EMT, 2015 WL 5440570 (N.D. Fla. Sept. 19, 2015) (holding that "the mere
possibility that Merritt may once again be housed at an institution where
one or more of the Defendants is employed is too remote to be labeled a
controversy" for seeking declaratory relief, and such relief is more
appropriate "considered to be an official capacity claim against the relevant
state entity").  Because Plaintiff is not challenging a statewide policy
against a prison official in his or her official capacity, the request for a
declaratory judgment as to Defendant Varona should be dismissed as
moot.

**B.    Medical Malpractice and Negligence Claim**

Plaintiff claim that Defendant Varona's failed to "provide the proper treatment" of Plaintiff after diagnosing him with DJD "constitutes the tort of negligence and medical malpractice under the law of Florida."  ECF No. 14 at 6.  In response to the motion to dismiss, Plaintiff acknowledges that he was unaware of the pre-suit notice requirement for a medical malpractice and negligence claim.  ECF No. 47 at 6.  He points out that he exhausted all administrative remedies prior to initiating this case, "yet [was] lacking the state law notice requirements."  *Id.*

Florida law imposes pre-suit requirements as set forth in Chapter 766, Florida Statutes (§§ 766.201-206) to bring a state law claim for medical malpractice.  Wright v. Gupta, No. 3:19- CV-175-J-20PDB, 2020 WL 7251200, at *2–3 (M.D. Fla. Oct. 27, 2020).  Those requirements apply to "cases filed in federal court," McMahan v. Toto, 256 F.3d 1120 (11th Cir. 2001); Clark v. Sarasota Cnty. Public Hosp. Bd., 65 F.Supp.2d 1308, 1314 (M.D. Fla. 1998), and to cases brought by incarcerated litigants.  Wheeler v. Corizon Medical Health Care Services, No. 5:16cv96-LAC-EMT, 2016 WL 7743516, at *3 (N.D. Fla. Dec. 27, 2016) (not reported in Fed. Supp.)

The Medical Malpractice Act[2] "sets out a complex pre-suit investigation and notice procedure that both the claimant and defendant must follow before a medical negligence claim may be filed in court." Wheeler, 2016 WL 7743516, at *3 (citing Kukral v. Mekras, 679 So. 2d 278, 280 (Fla. 1996)).  After completing a pre-suit investigation, "and prior to filing a claim for medical malpractice, a claimant shall notify each perspective defendant, and if any perspective defendant is a health care provider licensed under chapter 458, chapter 459, chapter 460, chapter 461 or chapter 466, the Department of Health by certified mail, return receipt requested, of an intent to initiate litigation for medical malpractice." Wheeler, 2016 WL 7743516, at *3.  In addition, § 766.203(2)(b) requires the submission of a "verified written medical expert opinion" with the notice of intent to initiate litigation to "prevent the filing of baseless litigation."

The procedural rules outlined in Florida's Medical Malpractice Act are applied to cases filed in federal court.  Woods v. Holy Cross Hosp., 591 F.2d 1164 (5th Cir. 1979) (applying the Erie doctrine and holding that Florida medical malpractice pre-suit procedures must be followed in federal

---

[2] The Act applies to claims "for medical negligence" or "for medical malpractice" which are defined as "arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106.

diversity cases); Clark v. Sarasota Cty. Pub. Hosp. Bd., 65 F. Supp. 2d 1308, 1314 (M.D. Fla. 1998), *aff'd* 190 F.3d 541 (11th Cir. 1999); Wheeler, 2016 WL 7743516, at *3.  Doing so eliminates forum shopping and enables litigants to ensure the same result is reached whether the case is brought in either state or federal court.

Here, Plaintiff admits that he was unaware of, and did not comply with, Florida's pre-suit notice requirements.  ECF No. 47 at 6.  Failure to do so "is fatal to a malpractice claim."  Wright v. Gupta, No. 3:19-cv-175-J-20PDB, 2020 WL 7251200, at *3 (M.D. Fla. Oct. 27, 2020) (citing R.W. v. Armor Corr. Health Serv., Inc., 830 F.Supp.2d 1295, 1303 (M.D. Fla. 2011); Novak v. United States of America, No. 2:15-cv-504-FtM-38MRM, 2016 WL 3447365, at *2 (M.D. Fla. June 23, 2016)).  "'Florida law mandates the dismissal of a claim for medical malpractice when the pre-suit requirements have not been fulfilled." Johnson v. McNeil, 278 F. App'x 866, 872 (11th Cir. 2008) (per curiam) (citation omitted) (quoted in Wright, 2020 WL 7251200, at *3).  Accordingly, Plaintiff's state law negligence and medical malpractice claims must be dismissed.  In light of this conclusion, there is no need to address Defendant's argument that she has immunity from Plaintiff's state law claims pursuant to Florida § 768.28.  ECF No. 41 at 10.

**C.    Deliberate Indifference**

Defendant Varona contends that the complaint is insufficient to state

a claim under the Eighth Amendment.  ECF No. 41 at 17-25.  Defendant

points out that Plaintiff's complaint acknowledged that she "ordered x-rays,

prescribed pain medication, and order Plaintiff to bed rest."  *Id.* at 22.  She

argues that taking "a more conservative course of treatment" and failing "to

arrange for Plaintiff to undergo surgery does not rise to the level of

deliberate indifference."  *Id.* at 21-22.  Further, Defendant states that a

difference in opinion between Plaintiff and "medical staff, alone, does not

amount to deliberate indifference to Plaintiff's serious medical need."  *Id.* at

21.

The Eighth Amendment governs the conditions under which

prisoners are confined and the treatment they receive while in prison.

Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811

(1994).  The Eighth Amendment guarantees that prisoners will not be

"deprive[d] ... of the minimal civilized measure of life's necessities."

Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed.

2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th

Cir. 2004)).  Those "basic human necessities include food, clothing, shelter,

Case No. 4:20cv18-MW-MAF

sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr. Inst., 452 F. App'x 848, 850-851 (11th Cir. 2011)).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)).  In this case, Defendant accepts Plaintiff's assertion that his fractured knee constitutes a serious medical need.  *See* ECF No. 41 at 22, 25.  Thus, the issue is whether the complaint contains sufficient allegations to support the claim that she was deliberately indifferent to that medical need.

Defendant first contends that this is merely a difference of medical opinion case, but that is not what the complaint alleged.  Plaintiff did not state that he met with the Defendant to request surgery.  Instead, he alleged that he "filled out a sick call request" because of the "excruciating

pain in his knee." ECF No. 14 at 4. It was Defendant's medical opinion

that Plaintiff had DJD and a "fracture in his knee [which] required surgery to

correct so that it would heal properly." *Id.* However, Defendant failed to

follow her own advice and arrange for a surgery she allegedly deemed to

be necessary. Based on those facts, Plaintiff has sufficiently alleged an

Eighth Amendment claim.

The Eleventh Circuit has "repeatedly found that 'an official acts with

deliberate indifference when he or she knows that an inmate is in serious

need of medical care, but he fails or refuses to obtain medical treatment for

the inmate.'" McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)

(quoting Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir.

1997) and citing Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

"Even where medical care is ultimately provided, a prison official may

nonetheless act with deliberate indifference by delaying the treatment of

serious medical needs, even for a period of hours, though the reason for

the delay and the nature of the medical need is relevant in determining

what type of delay is constitutionally intolerable." McElligott, 182 F.3d at

1255 (citing Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994);

Brown v. Hughes, 894 F.2d 1533, 1537-39 (11th Cir. 1990)). Here,

Plaintiff's factual allegations, though minimal, are sufficient to support the Eighth Amendment claim.  Defendant Varona's motion to dismiss should be denied as to this claim.

## D.    Qualified Immunity

Finally, Defendant raises qualified immunity as a defense to the constitutional claim.  *Id.* at 25.  "Qualified immunity shields government officials sued in their individual capacities from liability . . . if the officials' conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Grider v. City of Auburn, 618 F.3d 1240, 1254 (11th Cir. 2010) (quoted in McNeeley v. Wilson, 649 F. App'x 717, 720–21 (11th Cir. 2016)).  Qualified immunity claims are resolved under a two-step sequence: whether the facts as reviewed make out a violation of a constitutional right, and if so, whether the right at issue was clearly established at the time of the defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 815-16 (2009).

As concluded above, Plaintiff has sufficiently alleged the violation of his Eighth Amendment right to medical care.  Secondly, the right to such care was "clearly established" when these events occurred.  *See* Estelle v.

Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir.1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). The motion to dismiss based on qualified immunity should be denied.

## **RECOMMENDATION:**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendant Varona, ECF No. 41, be **GRANTED in part and DENIED in part**. The state law claims should be dismissed, but the Eighth Amendment claim should continue, limited to Plaintiff's request for monetary damages against the Defendant in her individual capacity. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2021.


 S/     Martin A. Fitzpatrick_____
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**