# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TIANT HUTCHINSON,**

    **Plaintiff,**

vs.                                                  Case No. 4:20cv18-MW-MAF

**DR. A. CORTES,**
**DR. NAYYER ISLAM,**
**and DR. A. VARONA,**

    **Defendants.**

_____/

## THIRD REPORT AND RECOMMENDATION[1]

Three motions to dismiss were filed in this case, one by each named Defendant. Recently Defendant Varona's motion to dismiss, ECF No. 41, was granted in part and denied in part, without objection. ECF Nos. 61-62. The two remaining motions to dismiss were filed by Defendants Islam, ECF No. 38, and Cortes, ECF No. 49. Both Defendants seek to dismiss the

---

[1] A Report and Recommendation was first entered to recommend that Defendant Islam's motion to set aside the Clerk's default, ECF No. 37, be granted. ECF No. 39. The Report and Recommendation was adopted. ECF No. 45. The second Report and Recommendation, ECF No. 61, was entered regarding Defendant Varona's motion to dismiss, ECF No. 41. It was also adopted. ECF No. 62.

claims asserted against them in the pro se Plaintiff's first amended complaint, ECF No. 14.

Defendant Cortes, a physician at Liberty Correctional Institution, filed his motion to dismiss on November 2, 2020. ECF No. 49. Plaintiff was initially directed to file his response in opposition to that motion by December 2, 2020. ECF No. 50. That deadline was subsequently extended several times, *see* ECF Nos. 53, 55, and 60, and Plaintiff had until February 26, 2021, to respond to the motion. ECF No. 60. As of this date, Plaintiff has not responded.

In addition, Defendant Islam, also a physician at Liberty Correctional Institution, filed a motion to dismiss on September 11, 2020. ECF No. 38. Again, Plaintiff's deadline to respond to Defendant Islam's motion to dismiss was extended from November 18, 2020, *see* ECF No. 46, to February 26, 2021. ECF No. 60. Plaintiff has not responded to that motion either.

Because Plaintiff has had sufficient time to respond to both of the motions and his deadline expired more than a month ago, this Report and Recommendation is entered to address the pending motions even though Plaintiff did not respond. Although the motions are unopposed, they have

nevertheless been considered on the merits. The Court has discretion to "grant a motion by default if an opposing party does not file a memorandum as required by" Local Rule 7.1. In this case, however, it is not recommended that the motions be granted merely because of Plaintiff's default. N.D. Fla. Loc. R. 7.1(H).

**Allegations of the Amended Complaint, ECF No. 14**

Plaintiff is a prisoner in the custody of the Florida Department of Corrections. In May of 2013, while housed at Wakulla Correctional Institution, Plaintiff fractured his right knee. ECF No. 14 at 3. X-rays confirmed Plaintiff "suffered a fracture of his medial tibial plateau" and Plaintiff was informed that he needed surgery. *Id.* Plaintiff was transferred to the Regional Medical Center for surgery in August 2013, but Plaintiff alleged that due to circumstances out of his control, he was transferred to Santa Rosa Correctional Institution and the surgery was never performed. *Id.*

Plaintiff was seen by ARNP Szalai in approximately November 2013, and was issued pain medication and a "bed rest lay-in pass." ECF No. 14 at 4. Subsequent x-rays were also taken "which indicated the Plaintiff's

fractured knee was getting worse," but Plaintiff contends a recommendation was not made for him "to have the required surgery." *Id.*

After Plaintiff was transferred to Liberty Correctional Institution, he initiated the sick call procedure because the pain in his right knee was not better. *Id.* at 4. On or about January 12, 2016, Plaintiff met with Defendant Islam who gave him more pain medication, a knee brace, and a bed rest lay-in pass, but did not "take the necessary steps to ensure that the Plaintiff would receive the required surgery." *Id.* The amended complaint states that "Defendant Islam told the Plaintiff that he needed surgery to correct the fracture in his knee," but he did not take actions to make that happen. *Id.*

Plaintiff was transferred several more times in 2016 and 2018, finally arriving at Jefferson Correctional Institution. *Id.* at 4. There, he declared a "medical emergency" because of the "now excruciating pain in his knee." *Id.* Defendant Varona ordered another x-ray, diagnosed Plaintiff with "Degenerative Joint Disease (DJD)" and said that "the fracture in his knee required surgery to correct so that it would heal properly." *Id.* Again, Defendant Varona failed to recommend the needed surgery and, instead, issued Plaintiff only pain medication and a bed rest lay-in pass. *Id.* at 5.

Plaintiff was later transferred to Holmes Correctional Institution. In February of 2019, Plaintiff's knee "gave out" while he was leaving the dining hall. *Id.* at 5. He was taken to medical and examined by Dr. Lopez Rivera, who "completed the necessary steps for the Plaintiff to have the necessary surgery." *Id.* Plaintiff alleged that surgery was performed on May 24, 2019, but he "continues to suffer complications from his knee" and was scheduled for another surgery. *Id.* Plaintiff said that he suffers with "daily pain" and claims the Defendants' inactions "caused him to suffer permanent damage, intense emotional distress, anxiety, psychological trauma, and continued limited usage and pain in his right knee." *Id.*

Plaintiff raises Eighth Amendment claims against all three Defendants and claims they were deliberately indifferent to his serious medical needs. *Id.* at 6. He simultaneously alleges that Defendants' failure "to provide the proper treatment . . . constitutes the tort of negligence and medical malpractice under" state law. *Id.* Plaintiff seeks a declaratory judgment, compensatory and punitive damages, and any other relief deemed appropriate. *Id.* at 6-7.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)

(quoted in Twombly, 550 U.S. at 558).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678, 129 S. Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Defendant Islam's Motion to Dismiss, ECF No. 38**

Defendant Islam argues that Plaintiff's complaint fails to state a claim because it does not rise to the requisite level of "deliberate indifference" under the Eighth Amendment.  ECF No. 38 at 1-3.  Further, he contends that Plaintiff's state law claims for negligence and/or medical malpractice must be dismissed because Plaintiff did not comply with the pre-suit notice requirements of Florida Chapter 766.  Id. at 8-10.

**Defendant Cortes' Motion to Dismiss, ECF No. 49**

Defendant Cortes argues that Plaintiff's complaint should be dismissed for failure to state a claim as Plaintiff "failed to allege a constitutional violation. *Id.* at 2. In addition, Defendant Cortes points out that Plaintiff did not comply with the conditions precedent to bringing a state law claim for negligence and/or medical malpractice. *Id.* Further, Defendant argues that he has immunity, that Plaintiff did not allege a "physical injury sufficient to recover compensatory and punitive damages," and that Plaintiff is not entitled to declaratory relief either. *Id.*

**Analysis**

**A.    Defendant Cortes**[3]

The only argument that needs to be addressed is that Plaintiff's amended complaint "is subject to dismissal for failure to state a claim upon which relief can be granted." ECF No. 49 at 2. The amended complaint[4]

---

[3] Plaintiff identified this Defendant in his amended complaint as both Defendant Cortez and Defendant Cortes. *See* ECF No. 14 at 5-7. Defendant's motion clarifies that the surname is spelled Cortes. ECF No. 49.

[4] Notably, after Plaintiff reviewed the motion to dismiss filed by Defendant Cortes, he filed a motion requesting leave to file a second amended complaint. ECF No. 56 at 2. Plaintiff said that he had access to better inmate law clerks and a better law library at his institution. Plaintiff's motion to amend was denied without prejudice because he did not comply with Rule 15.1(B) which requires simultaneously providing a copy of the proposed amended complaint with a motion to amend. ECF No. 57 at 2-3.

did not present a single factual allegation as to Plaintiff's interaction with Defendant Cortes or explain that Defendant's involvement.  Rather, Plaintiff made a conclusory assertion that "Defendants Islam and Cortez knew or should have known that the Plaintiff's knee suffered from DJD at the time they examined and/or approved the diagnosis after viewing the X-ray report on or about January 12, 2016."  ECF No. 14 at 5.  Plaintiff said that neither Defendant informed him that "his knee was infected with DJD."  *Id.*  However, Plaintiff's factual allegations omit any statements which indicate when Plaintiff was examined by Defendant Cortes, why Plaintiff was examined, or what the Defendant did.  Plaintiff included factual allegations only concerning his treatment by Defendant Islam while he was housed at Liberty Correctional Institution.  *See* ECF No. 14 at 4.  Accordingly, Plaintiff's amended complaint is insufficient to state a claim and this motion to dismiss should be granted.

**B.     Defendant Islam**

Defendant Islam's motion to dismiss explains that he "is a radiologist and disputes Plaintiff's recitation of the facts as they pertain to him."  ECF No. 38 at 2.  Notwithstanding, Defendant Islam has responded to the complaint by accepting the allegations as alleged.  *Id.*  That is appropriate

because a motion to dismiss does not test the truth of a complaint's factual allegations.  As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

Defendant Islam points out that his involvement with Plaintiff was in January of 2016.  Yet it was two and a half years later, in July of 2018, that Plaintiff alleges an x-ray showed degenerative joint disease as well as the fracture which required surgery.  ECF No. 38 at 3 (citing ECF No. 14 at 5).

### 1. Deliberate Indifference

Defendant Islam contends that "Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation for deliberate indifference to a serious medical need." ECF No. 38 at 6.  The Eighth Amendment governs

the conditions under which prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). Those "basic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr. Inst., 452 F. App'x 848, 850-851 (11th Cir. 2011)).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)). In this case, Defendant has not argued that Plaintiff did not have a serious medical

need.  *See* ECF No. 38 at 3-8.  Thus, for purposes of ruling on the motion to dismiss, it is accepted that Plaintiff's knee injury (a "fracture in his knee"), ECF No. 14 at 4, constitutes a serious medical need.  Accordingly, the issue is whether the complaint contains sufficient allegations to support the claim that Defendant Islam was deliberately indifferent to that need.

Defendant contends that Plaintiff's complaint alleges only that the treatment provided by Dr. Islam was "not proper" and that is not sufficient to state a claim.  ECF No. 38 at 7.  Defendant points out that Plaintiff acknowledged that Defendant Islam provided him with pain medications, a knee brace, and a bed rest lay-in pass.  *See* ECF No. 14 at 4.  Thus, Defendant argues that Plaintiff's complaint is merely a dispute over the adequacy of the medical attention provided.  *Id.* at 6-8.

As noted above, handwritten pro se complaints must "be liberally construed."  Estelle, 429 U.S. at 106, 97 S. Ct. at 292.  "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ."  *Id.* at 106, 97 S. Ct. at 292 (quoting Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Page 14 of 19

It is true that Plaintiff acknowledged some treatment was provided by Defendant Islam. ECF No. 14 at 4. However, Plaintiff also alleged that Defendant Islam "told the Plaintiff that he needed surgery to correct the fracture in his knee so that it would heal properly but he did not recommend and/or take the necessary steps to ensure that the Plaintiff would receive the required surgery." *Id.*

The Eleventh Circuit has "repeatedly found that 'an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate.'" McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (quoting Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997) and citing Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). "Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.3d at 1255 (citing Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994); Brown v. Hughes, 894 F.2d 1533, 1537-39 (11th Cir. 1990)).

This is not a case of a prisoner simply alleging that more should have been done. Rather, Plaintiff alleged that Defendant Islam knew that more needed to be done for Plaintiff, stated as much, but did nothing to ensure that Plaintiff needed the medical care that the Defendant believed was medically required for a fractured knee. Defendant failed to follow his own advice and arrange for a surgery he allegedly deemed to be necessary. Based on those facts, Plaintiff has sufficiently alleged an Eighth Amendment claim which survives the motion to dismiss. Defendant Islam's motion to dismiss, ECF No. 38, should be denied.

### 2. Medical Malpractice and Negligence Claim

Plaintiff's amended complaint claimed that Defendants Islam and Cortes failed "to provide the proper treatment" for his knee which "constitutes the tort of negligence and medical malpractice under the law of Florida." ECF No. 14 at 6. As to that claim, Defendant Islam argues that the "claims should be dismissed for failure to comply with the pre-suit requirements of Chapter 766, Florida Statutes." ECF No. 38 at 8.

Although Plaintiff did not respond to this motion to dismiss, Plaintiff did file a response to Defendant Varona's motion to dismiss and addressed this same argument. ECF No. 47 at 6. There, Plaintiff acknowledged that

Page 16 of 19

he was unaware of the pre-suit notice requirement for a medical malpractice and negligence claim.  *Id.*  Plaintiff said he exhausted all administrative remedies prior to initiating this case, "yet [was] lacking the state law notice requirements."  *Id.*

Florida law imposes pre-suit requirements as set forth in Chapter 766, Florida Statutes (§§ 766.201-206) to bring a state law claim for medical malpractice.  Wright v. Gupta, No. 3:19- CV-175-J-20PDB, 2020 WL 7251200, at *2–3 (M.D. Fla. Oct. 27, 2020).  Those requirements apply to "cases filed in federal court," McMahan v. Toto, 256 F.3d 1120 (11th Cir. 2001); Clark v. Sarasota Cnty. Public Hosp. Bd., 65 F.Supp.2d 1308, 1314 (M.D. Fla. 1998), and to cases brought by incarcerated litigants.  Wheeler v. Corizon Medical Health Care Services, No. 5:16cv96-LAC-EMT, 2016 WL 7743516, at *3 (N.D. Fla. Dec. 27, 2016) (not reported in Fed. Supp.)

The Medical Malpractice Act[5] "sets out a complex pre-suit investigation and notice procedure that both the claimant and defendant must follow before a medical negligence claim may be filed in court." Wheeler, 2016 WL 7743516, at *3 (citing Kukral v. Mekras, 679 So. 2d 278,

---

[5] The Act applies to claims "for medical negligence" or "for medical malpractice" which are defined as "arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106.

Case No. 4:20cv18-MW-MAF

280 (Fla. 1996)).  After completing a pre-suit investigation, "and prior to filing a claim for medical malpractice, a claimant shall notify each perspective defendant, and if any perspective defendant is a health care provider licensed under chapter 458, chapter 459, chapter 460, chapter 461 or chapter 466, the Department of Health by certified mail, return receipt requested, of an intent to initiate litigation for medical malpractice." Wheeler, 2016 WL 7743516, at *3.  In addition, § 766.203(2)(b) requires the submission of a "verified written medical expert opinion" with the notice of intent to initiate litigation to "prevent the filing of baseless litigation."

The procedural rules outlined in Florida's Medical Malpractice Act are applied to cases filed in federal court.  Woods v. Holy Cross Hosp., 591 F.2d 1164 (5th Cir. 1979) (applying the Erie doctrine and holding that Florida medical malpractice pre-suit procedures must be followed in federal diversity cases); Clark v. Sarasota Cty. Pub. Hosp. Bd., 65 F. Supp. 2d 1308, 1314 (M.D. Fla. 1998), *aff'd* 190 F.3d 541 (11th Cir. 1999); Wheeler, 2016 WL 7743516, at *3.  Doing so eliminates forum shopping and ensures the same result is reached whether a case is brought in state court or in federal court.

Plaintiff did not respond to Defendant Islam's motion, but Plaintiff previously admitted that he was unaware of, and did not comply with, Florida's pre-suit notice requirements. ECF No. 47 at 6. Failure to do so "is fatal to a malpractice claim." Wright v. Gupta, No. 3:19-cv-175-J-20PDB, 2020 WL 7251200, at *3 (M.D. Fla. Oct. 27, 2020) (citing R.W. v. Armor Corr. Health Serv., Inc., 830 F.Supp.2d 1295, 1303 (M.D. Fla. 2011); Novak v. United States of America, No. 2:15-cv-504-FtM-38MRM, 2016 WL 3447365, at *2 (M.D. Fla. June 23, 2016)). "'Florida law mandates the dismissal of a claim for medical malpractice when the pre-suit requirements have not been fulfilled." Johnson v. McNeil, 278 F. App'x 866, 872 (11th Cir. 2008) (per curiam) (citation omitted) (quoted in Wright, 2020 WL 7251200, at *3). Accordingly, Plaintiff's state law negligence and medical malpractice claims must be dismissed.

### RECOMMENDATION:

It is respectfully **RECOMMENDED** that: (1) the motion to dismiss filed by Defendant Cortes, ECF No. 49, be **GRANTED** because the amended complaint fails to state a claim; (2) that the motion to dismiss filed by Defendant Islam, ECF No. 38, be **GRANTED in part and DENIED in part**. The state law claims should be dismissed, but the Eighth Amendment

claim should continue.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

   **IN CHAMBERS** at Tallahassee, Florida, on April 5, 2021.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

   **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**